10-909-cv
Lin v. Metropolitan Life Insurance Company

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.**

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JEAN LIN,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                              No. 10-909-cv

METROPOLITAN LIFE INSURANCE COMPANY,

> *Defendant-Counter-Claimant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          ERIC DINNOCENZO, Trief & Olk, New York, NY.

**FOR DEFENDANT-APPELLEE:**          TOMASITA L. SHERER, Metropolitan Life Insurance Company, New York, NY.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Jean Lin ("plaintiff" or "Mrs. Lin") appeals from a March 30, 2009 order of the District Court granting the motion for summary judgment of defendant-appellee Metropolitan Life Insurance Company ("defendant" or "MetLife"). The action involves a life insurance policy acquired by plaintiff's late husband ("Mr. Lin") which was contested by MetLife on the grounds that Mr. Lin made a material misrepresentation in the insurance application, discovered during the "contestability period." Specifically, MetLife sought rescission of the policy based upon the omission, from the original application, of the fact that plaintiff's late husband had been diagnosed and treated for hepatitis B. We assume the parties' familiarity with the facts and procedural history of this case.

Both parties agree that California law applies. Plaintiff argues that (1) the District Court misinterpreted the standard under California law for determining what constitutes a material misrepresentation in an application for a life insurance policy; (2) the omission of Mr. Lin's diagnosis and treatment for hepatitis B should not have been considered material to the underwriting process; and (3) there were plausible explanations for why hepatitis B was not listed by Mr. Lin on the insurance application.

We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See, e.g., Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274 (2d Cir. 2009). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c).

In its careful and well-reasoned opinion of March 30, 2009, Memorandum Opinion and Order, *Lin v. Metropolitan Life Ins. Co.*, No. 07 Civ. 3218 (RJH), 2009 WL 806572 (S.D.N.Y. Mar. 30, 2009), the District Court explained why the omission of Mr. Lin's hepatitis B diagnosis and treatment was a material misrepresentation under California insurance law. For substantially the reasons stated by the District Court, we affirm judgment disposing of all claims.

## CONCLUSION

The judgment of the District Court as to all claims is **AFFIRMED**.


        FOR THE COURT,
        Catherine O'Hagan Wolfe, Clerk of Court